# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI WAGNER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COPART, INC., et al.,<br><br>　　　　　Defendants. | Case No. CV 14-05569-GHK (DTB)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint ("SAC"), all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). Objections ("Obj.") and Supplemental Objections to the R&R have been filed herein. Having made a <u>de novo</u> determination of those portions of the R&R to which objections have been made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

　　　　With respect to petitioner's contention that the Magistrate Judge overruled a previous order of this Court concluding that plaintiff has shown that this action meets the qualifications for diversity jurisdiction (Obj. at 5-6), the Court disagrees. 28 U.S.C. § 1332(a) provides, in relevant part: "The district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– [¶] (1) citizens of different States . . . ." The diversity requirement means that all plaintiffs must have a different citizenship from all defendants. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (explaining that because § 1332 requires "complete diversity," "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Here, plaintiff names as defendants Copart, Inc. and Curtis P. Holdsworth ("Holdsworth") in her remaining state law claims. However, there is no diversity of citizenship between plaintiff and Holdsworth as they are both citizens of California. (SAC at 2.)

Apparently recognizing that the presence of Holdsworth as a defendant in this action destroys diversity jurisdiction, plaintiff further maintains that the Magistrate Judge has abused his discretion in failing to provide her with the opportunity to amend the complaint to dismiss her state law claim[1] against Holdsworth - although she has never sought leave to amend her SAC to dismiss Holdsworth and now only intimates that she would be willing to proceed in such manner. (Obj. at 2.)

Pursuant to Fed. R. Civ. P. 21, a court "may at any time, on just terms, add or drop a party" on motion or *sua sponte*. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time"); Kirkland v. Legion Ins. Co., 343 F.3d 1135, 1142 (9th Cir. 2003) (Rule 21 "is viewed as a grant of 'discretionary power [to the federal court] to perfect its diversity jurisdiction by dropping a nondiverse party provided the

---

[1] Plaintiff refers to state law claims against Holdsworth, but the SAC contains only one state law claim against this defendant.

2

nondiverse party is not indispensable to the action under Rule 19.'" (citation omitted, alteration in original)); Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980) (same); but see Dyack v. Commonwealth of the N. Mariana Islands, 317 F.3d 1030, 1037 (9th Cir. 2003) ("In the absence of diversity jurisdiction, the district court had discretion to decline to exercise supplemental jurisdiction over [the plaintiff's] state-law claims.")  In the present case, the Court declines to exercise its discretion to drop Holdsworth from this action in order to perfect diversity jurisdiction.

Prior to the commencement of this action, plaintiff first sought relief in state court. On August 20, 2013, plaintiff filed a substantially similar action in the Los Angeles County Superior Court ("State Court Action"). (Copart Defendants' Request for Judicial Notice ["RJN"], Exhibit ["Exh."] A.)[2] Because plaintiff changed her name, it was not readily apparent at the time of filing that plaintiff had previously been deemed a vexatious litigant in the California state court. After concluding that plaintiff had been declared a vexatious litigant, the Superior Court ordered her to obtain a pre-filing order and furnish security in the amount of $40,000 in order to proceed with the action. (See RJN, Exhs. F, H, I.)  When plaintiff failed to post the required security, she was dismissed from the State Court Action on September 2, 2014. (RJN, K.)

Undeterred by the pre-filing order in state court, plaintiff then sought relief in this Court, lodging her Complaint in the instant action on September 17, 2014. The Copart defendants filed their Motion to Dismiss the SAC on June 4, 2015, asserting, *inter alia*, that plaintiff's claims should be dismissed or the action stayed under the doctrine outlined in Colorado River Water Conservation District v. United States, 424

---

[2] Defendant Bank of America, N.A. removed the State Court Action to federal court on the basis of federal question jurisdiction. Plaintiffs then filed a First Amended Complaint that eliminated the sole federal claim and destroyed federal question jurisdiction, and the action was remanded to the state court. (RJN, Exh. D.)

U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). The Colorado River doctrine relates to "situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." Id. at 817. In response, on June 23, 2015, the remaining plaintiffs in the State Court Action (Jacques and Martial Etame) voluntarily dismissed that action without prejudice. (Declaration of Holdsworth in Opposition to Plaintiff's Request for Disciplinary Sanctions, Exh. D; Los Angeles County Superior Court website.)[3]

These facts strongly suggest plaintiff has engaged in forum shopping in an attempt to avoid the pre-filing order imposed in the state court. The Court finds it inappropriate to allow plaintiff to maneuver around the state court procedure. To allow plaintiff to proceed in this manner would effectively condone an abuse of process and encourage vexatious litigation. As such, the Court shall exercise its discretion to decline supplemental jurisdiction and decline to otherwise dismiss Holdsworth from this action to cure diversity jurisdiction. See, e.g., McColm v. Balistreri, 2002 WL 1058339, at *5 (N.D. Cal. May. 17, 2002) (concluding that it would be inappropriate to allow the plaintiff to maneuver around the vexatious litigant order by requesting supplemental jurisdiction over her state law claims); Muller v. Tanner, 2 Cal. App. 3d 438, 443-44, 82 Cal. Rptr. 734 (1969) (explaining that to permit the plaintiff to evade the vexatious litigant order by filing a second suit on the same cause of action would be to encourage the vexatious litigation which the statute was designated to prevent).

IT THEREFORE IS ORDERED that Brett Bianco's ("Bianco") Motion to Dismiss is granted, dismissing plaintiff's federal claims without leave to amend; that the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and dismisses those claims without prejudice to plaintiff raising them in state court; that Copart, Inc.'s Motion to Dismiss is denied without prejudice as moot; that

---

[3] www.lacourt.gov/CaseSummary

Bianco's and the nonparty judicial officers' request for attorneys' fees and costs is denied; that plaintiff's request for sanctions is denied; and that Judgment be entered dismissing this action accordingly.

DATED: 10/27/15

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE